IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida non-Profit corporation, and DENISE PAYNE, Individually, <br><br> Plaintiffs, <br> v. <br><br> DAVID J. MARTIN, individually, And MARTIN PROPERTIES, <br><br> Defendants. | Civil Action No. 5:10-cv-427 |

**AMENDED COMPLAINT FOR INJUNCTIVE RELIEF UNDER
TITLE III OF THE AMERICANS WITH DISABILITIES ACT
(NO JURY REQUESTED)**

COME NOW DENISE PAYNE, individually, AND NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida non-profit corporation, and file this private enforcement action pursuant to Title III of the Americans with Disabilities Act. Plaintiffs, on their behalf and on behalf of all other mobility-impaired and grasping-impaired individuals (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendants, DAVID J. MARTIN, individually and MARTIN PROPERTIES, dba South Hills Mall, 1201 Buck Jones Road, Raleigh, NC 27606-3326 (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1

## JURISDICTION

1. This is a private enforcement action brought pursuant to Title III of the Americans with Disabilities Act of 1990 as amended. Plaintiffs' action is a civil rights action arising under the laws of the United States; the disabled Plaintiffs allege discrimination against the disabled (themselves) in public accommodations. Jurisdiction is specifically conferred on this Court; pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

## PARTIES

2. Plaintiff DENISE PAYNE is a Florida resident, and is sui juris.

3. Plaintiff, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., is a non-profit corporation formed under the laws of the State of Florida. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. maintains its principal office at 1501 NE 12th Street, Ft. Lauderdale, FL 33304, in Broward County.

4. The property of Defendants is a Shopping Center called South Hills Mall shopping center and is located at 1201 Buck Jones Road, in Raleigh, North Carolina 27607 in Wake County.

## VENUE

5. Venue is properly located in the Western Division of the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1391(B) and the Local Rules of the United States District Court for the Eastern District of North Carolina because venue lies in the judicial district of the property situs. The Defendant's property is located in, and does business within, this judicial district.

## RELEVANT FACTS AND CAUSES OF ACTION

6. The Americans with Disabilities Act is a statute that represents the high and moving

2

ideals of America, which prize freedom and equality for each individual. [To paraphrase our president:] These principles of freedom and equality are timeless, and represent the very essence of America, the spirit that has defined America as a people and as a nation for more than two centuries and that have made America a beacon to the world. The Americans with Disabilities Act moves our society from a time when disabled individuals were warehoused and segregated, to one that has opened the doors for millions of Americans to realize the American dream, providing equality to disabled individuals so that they are integrated into society and free to enjoy such public accommodations as shopping centers, as equally as do non-disabled individuals.

7. A violation of the Americans with Disabilities Act is not a mere violation of a coding law but the profoundly serious violation of a federal civil rights law enacted to bring equality for and to end the exclusion of disabled individuals.

8. Plaintiff Denise Payne has cerebral palsy, which renders her paralyzed from the waist down, unable to walk or stand, and unable to use her arms and hands to easily grasp objects, which constitute qualified disabilities as defined by the ADA, as she is thus substantially limited in performing one or more major life activity, including but not limited to walking, standing, grabbing, grasping and/or pinching. Plaintiff requires the use of a wheelchair for mobility purposes. Denise Payne went to Raleigh to meet with the Disability Action Network and plans to return to North Carolina to do additional work with it in the future. She has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property in a manner equal to that offered to individuals who are not disabled, once the Defendants have eliminated the violations. The Plaintiff has encountered architectural barriers at the subject property which discriminate against her on the basis of her disability and which have endangered her safety. The Plaintiff is also a member of the

3

Plaintiff organization, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., discussed below in paragraph 9.

9. Plaintiff, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and which are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. and its members have suffered, and will continue to suffer, direct and indirect injury, as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. has also been discriminated against because of its association with its disabled members and their claims. Plaintiffs are deterred from participating, and are denied the opportunity to participate and benefit in, the services, goods, services, advantages, facilities and accommodations at Defendants' property, in a manner equal to that afforded to other individuals. Plaintiffs are aware that it would be a futile gesture to attempt to visit Defendants' property if they wish to do so free of discrimination.

10. The safety of Plaintiff Denise Payne is further endangered and easy access denied by such as (A) (i) The designated accessible parking space contains a parking sign that is mounted too low and (ii) the access aisle is not clear and level. (iii) The accessible route is obstructed by parked vehicles and shopping carts. (iv) The designated accessible parking spaces do not provide the required signage and level access aisles. (v) The designated accessible parking space is obstructed

4

by a trailer. (B) In the South Hills Mall restrooms, (i) the required International Symbol of Accessibility signage is not mounted on the latch side of the restroom doors. (ii) The toilet paper dispenser is mounted over the side grab bar. (iii) The coat hook is mounted at 63 inches Above Finished Floor. (iv) The light switch is mounted at 58 inches Above Finished Floor. (v) The paper towel dispenser is mounted at a height that exceeds the prescribed reach ranges for a disabled person. (vi) The required width is not provided to access the urinal.

11. The Americans with Disability Act of 1990 prohibits public accommodations from discriminating on the basis of disability and requires commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act (the Americans with Disabilities Act Accessibility Standards or ADAAG). Defendants' shopping center, the South Hills Mall, does not meet these standards. As an enforcement mechanism to vindicate civil rights violations and enforce this civil rights Act, Congress has included in the Act private enforcement with fee awards and depends heavily upon private enforcement such as this Complaint. A law is of no use unless it is enforced. The Americans with Disabilities Act is largely designed to be, and is able to be, enforced through private litigation by disabled individuals suing places of public accommodation with violations, and having their fees and costs paid by the Defendant.

12. The Congressional policies contained in this civil rights Act that provides equality for the disabled in public accommodation are difficult to enforce. As stated, a law is of no use unless it is enforced. Many of the thousands of places of public accommodation required to conform their property to the requirements of the Americans with Disabilities Act (ADA) and its companion the Americans with Disabilities Act Accessibility Standard (the ADAAG), are in violation of this federal civil rights law. As an enforcement mechanism to vindicate civil rights

violations and enforce this civil rights Act, Congress has included in the Act private enforcement with fee awards and depends heavily upon private enforcement such as this Complaint. The Americans with Disabilities Act is largely designed to be, and is able to be, enforced through private litigation by disabled individuals suing places of public accommodation with violations, and having their fees and costs paid by the Defendant. By filing this Complaint, Denise Payne and the National Alliance for Accessibility, Inc. are performing the public service Congress' incentive sought to be performed. The more cases they file and win, the greater the public service.

13. The severely disabled Plaintiff Denise Payne and the National Alliance for Accessibility, Inc., are advocates for the disabled when suing places of public accommodation that are in violation of the federal civil rights law that provides for them equality for disabled individuals. Ms. Payne and the National Alliance for Accessibility, Inc. provide equality for disabled individuals in public accommodations by suing places of public accommodations Ms. Payne encounters that have violations and barriers to access to the mobility-impaired and grasping-impaired. Her work in this case will result in providing the opportunity to enjoy equal access to this South Hills Mall shopping center, for numerous frail or elderly individuals and for vulnerable disabled individuals, who will now be integrated into society and who will now be participants instead of merely being on the outside looking in.

14. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as South Hills Mall shopping center, 1201 Buck Jones Road, Raleigh, North Carolina 27606-3326.

15. Denise Payne and National Alliance for Accessibility, Inc. have a realistic, credible,

existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraphs 10 and 17 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. Denise Payne desires to visit the South Hills Mall shopping center, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Ms. Payne is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

16. The Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the shopping center, as prohibited by 42 U.S.C. § 12182 et seq.

17. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiffs, in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). The Defendants control substantial assets and have failed to manage said assets to conform their management of the subject property to the requirements of a federal civil rights law, namely, the Americans with Disabilities Act (the ADA) and the Accessibility Standards established by this Act (the Americans with Disabilities Act Accessibility Standards or ADAAG). A preliminary inspection of the South Hills Mall shopping center has shown that throughout its shopping center, numerous ADA violations and barriers to access exist. These violations include, but are not limited to:

<u>I. Parking</u>

1. There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG.

2. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG.

3. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG.

<u>II. Entrance Access and Path of Travel</u>

1. The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG.

2. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

<u>III. Access to Goods and Services</u>

1. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG.

<u>IV. Restrooms</u>

1. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG.

2. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

3. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG.

4. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG.

5. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG.

6. There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

7. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

8. Some of the restrooms do not provide the required latch side clearance violating the provisions of the ADAAG.

### V. Policies and Procedures

1. The South Hills Mall shopping center lacks the policies and procedures to inform its staff and employees on how to deal with disabled individuals and how to put in place and maintain an ADA compliant facility.

   18. The alleged violations occurred, and were discovered by Plaintiff, within two years prior to the filing of the Complaint.

   19. The discriminatory violations described in paragraphs 10 and 17 of this Complaint are not an exclusive list of the Defendants' ADA violations. This list is based in part on the preliminary (pre-suit) investigator's report. The individual Plaintiff, the members of the Plaintiff group, and all other mobility-impaired and grasping-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. To remedy this

discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation to determine all of the applicable areas of non-compliance with the Americans with Disabilities Act.  Plaintiffs have standing to sue for every barrier to access for the mobility-impaired and grasping-impaired that exists on the subject premises.  It is not necessary for Plaintiff to re-sue Defendants over and over for every barrier to access for the mobility-impaired and grasping-impaired on the subject premises, as having once encountered a barrier to access for the mobility-impaired and grasping-impaired, Denise Payne has standing to require that all barriers to access on the property for the mobility-impaired and grasping-impaired are corrected, not merely only those Denise Payne personally encountered.  Through the customary discovery process of the more thorough Rule 34 inspection, Plaintiffs will require an inspection of the Defendants' place of public accommodation to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access to the mobility-impaired and grasping-impaired, to assist Plaintiffs and Defendants to draw up a plan and timetable to remedy Defendants' ADA violations and barriers to access to the mobility-impaired and grasping-impaired that the Defendants state they can afford and that are architecturally feasible for the Defendants.

20.  Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, the South Hills Mall shopping center, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts as may be

necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than any other individual because of the absence of auxiliary aids and services.

21. Plaintiff was enticed to visit the Defendants' shopping center by its many forms of advertising and signs. Defendants' policy, in the case of this particular shopping center, discriminates against interstate disabled travelers because Defendants maintain their shopping center in such a manner that disabled travelers' civil rights are violated it their shopping center. Plaintiffs are now aware of this policy and further aware that they are being continuously denied the opportunity to visit Defendants' premises free of discrimination.

22. Plaintiffs are without an adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

23. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to, and useable by, individuals with disabilities, including individuals who use wheelchairs; 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to, and useable by, individuals with disabilities as defined by the ADA.

24. The Plaintiff has been personally injured, the injury is caused by the Defendants,

and a favorable decision will redress the harm. Pre-litigation notice is not intended by Congress and not required by the Act itself. In enacting the fee-shifting provisions of the ADA, as with other civil rights statutes, Congress intended to ensure access to rights by those who could not afford to retain lawyers and further determined that such a Plaintiff should not be required to provide prelitigation notice as a condition to bringing suit. The Defendants are liable without additional prior notice because the Defendants have been on notice of the law pronounced in the Americans with Disabilities Act -- that Defendants have been required under federal law to cure ADA violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less) but Defendants have violated the law -- they have neglected to conform their premises to the requirements of the law, doing what in similarly circumstances some may call a "playing of the odds" or "catch-me-if-you-can." All other conditions precedent have been met by Plaintiff or waived by the Defendants.

25. The Defendants may be one of those who "play the statistics," affix a few indicia of the ADA for appearances without following the actual requirements, neglect to follow the Americans with Disabilities Act, playing the "catch-me-if-you-can" game, not bothering to properly look into and comply with this federal civil rights law, assuming the risk they will not be caught and sued, or if sued, will go into lengthy and unnecessary litigation rather than simply agree to work with Plaintiff to bring its premises into compliance with the ADA, or Defendants may be ones who takes the ADA seriously and will be willing to work with Plaintiff to bring their property into compliance and to pay for the fees and costs that now arise at the post-suing stage.

26. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter the South Hills Mall shopping center, to make that facility readily-accessible and useable to the Plaintiffs and all other

mobility-impaired and grasping-impaired persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an Order to make all readily-achievable alterations to the facility; or to make such facility readily-accessible to, and usable by, individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

THE LAW OFFICES OF JY LONDON, ESQ. PA
By: /s/ Jacqueline London
JYLondon, Esq.
*Attorney for Plaintiffs*
The Law Offices of JYLondon, Esq., P.A.
7904 Harding Avenue, #A-2
Miami Beach, FL 33141
Cell: 786-227-1982
E-mail: Scooterlaw@gmail.com
NC State Bar No. 37699

LR 83.1 Counsel

Date: October 10, 2010

[1217]